IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | : |
|     Plaintiff, | :   Case No. 1:24-cr-016 |
| | : |
| v. | :   Judge Susan J. Dlott |
| | : |
| Eddie Clayton, *et al.*, | :   Ends of Justice Order |
| | : |
|     Defendants. | : |

    This matter is before the Court on Defendant James Walker's Motion to Continue the Telephone Status Conference scheduled for September 5, 2024. (Doc. 43.) Defendants Eddie Clayton, Mang Barnes, and James Walker are charged with conspiracy to possess with intent to distribute cocaine, and Clayton is charged also with firearm and drug-involved premises crimes. (Doc. 5.) Walker requests thirty days to confer with his attorney and the United States due to recent events impacting the status of the case. The United States has informed the Court that Eddie Clayton is now deceased, and it will be filing a Notice with the Court soon. The United States does not object to a continuance.

    The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant such a continuance,"

1

including, but not limited to: (a) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice" and (b) "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv). A court may exclude a plea negotiation period from the Speedy Trial Act calculation pursuant to 18 U.S.C. § 3161(h)(7) if the court concludes that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. *United States v. White*, 920 F.3d 1109, 117–118 (6th Cir. 2019).

The Court is satisfied that counsel are exercising due diligence in this matter but a change in the posture of the case necessitates additional time for the parties to confer and continue their plea negotiations. Therefore, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the ends of justice served by granting a continuance outweigh the best interest of the public and Defendants to a speedy trial. There is only one speedy trial clock in multi-defendant prosecutions in which severance has not been granted. *United States v. Culpepper*, 898 F.2d 65, 66 (6th Cir. 1990) (citing former 18 U.S.C. § 3161(h)(7), now § 3161(h)(6)); *see also United States v. Snelling*, 961 F.2d 93, 95 (6th Cir. 1991) (applying one speedy trial clock to all defendants). Thus, the continuance granted is applicable to all Defendants in this matter.

The Court sets this matter for a telephonic status conference on October 10, 2024 at 11:00 a.m. The dates from September 5, 2024 to October 10, 2024 are excluded from the speedy trial calculation.

**IT IS SO ORDERED.**

BY THE COURT:

_Susan J. Dlott_
Susan J. Dlott
United States District Judge